# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER R. ENDERBY,** *Plaintiff*, | § § § § § § § § § § § § § § § § | |
| v. | | MO:23-CV-00116-DC |
| **ANTHONY GOYANG, DETECTIVE, MIDLAND COUNTY; DISTRICT ATTORNEY LAURA NODOLF, DISTRICT ATTORNEY, MIDLAND; ANDREW STALLINGS, ASST. DISTRICT ATTORNEY, 385TH JUDICIAL DISTRICT; AND JANE DOE, PROSECUTOR, 385TH JUDICIAL DISTRICT;** *Defendants.* | | |

## ORDER OF DISMISSAL

BEFORE THE COURT is Plaintiff Christopher R. Enderby's *pro se* Complaint. Plaintiff filed his Complaint on July 20, 2023, alleging Defendants violated his constitutional rights under 42 U.S.C. § 1983.[1] On October 18, 2023, the Court ordered Plaintiff to complete service of his original complaint and summons on Defendants by November 17, 2023.[2] The Court warned Plaintiff that failure to respond or explain why service has not been accomplished would result in the dismissal of the Complaint for failure to prosecute or comply pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[3]

This Court may dismiss a case *sua sponte* for want of prosecution.[4] But a district court may only dismiss without prejudice unless the party's failure to comply with the court's order

---

[1] Doc. 1.
[2] Doc. 10.
[3] *Id.*
[4] Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

was purposeful, and the imposition of a lesser sanction would be futile.[5] To date, Plaintiff has failed to comply with the Court's Order. Because service on Defendant is crucial to the progression of the case, the Plaintiff's failure to serve the Defendant or explain to the Court why service has not been accomplished warrants dismissal.[6]

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's *pro se* Complaint for want of prosecution. (Doc. 1).

It is therefore **ORDERED** that the Clerk of the Court **CLOSE** this case.

It is so **ORDERED**.

SIGNED this 5th day of December, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[5] *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

[6] . *See, e.g.*, *Abdul-Rahman v. Bank of Am.*, No. 3:14-CV-2365-M, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (dismissing the case because plaintiff failed to provide the information requested by the court to determine jurisdiction); *Murray v. Unidentified Officer*, No. CIV.A. 1:05CV329, 2007 WL 161010, at *1 (E.D. Tex. Jan. 17, 2007) ("By failing to comply with the order described forth above, plaintiff has failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution.").